## HOLBROOK v. JUDD.

A declaration that is substantially good is not vitiated by matters of surplusage.

ACTION of the case; declaring, that on the 5th of March, A. D. 1790, he took out two writs of attachment against the defendant, one on a note for £60, and one on book for £100, both returnable to the County Court on the fourth Tuesday of said March; which were served by attaching the defendant's body; that the said Judd then having in his hands a note

upon the plaintiff in favor of Joseph Hallet, for £118 11s.
York money, as attorney to said Hallet, applied to the plaintiff
and informed him that unless he would take up said attach-
ments against him and not have them returned to court, he
would immediately attach him upon said Hallet's note; but
if the plaintiff would take them up and not return them to
court, said Hallet's note should not be prosecuted or put in
suit until the next winter after; to which proposal the plaintiff
agreed and took up said attachments, and caused them not to
be returned to court; in consideration whereof the defendant
promised and agreed that said Hallet's note should not be put
in suit until the next winter after: Yet the plaintiff says that
the defendant not regarding his agreement, prayed out a writ
of attachment on said Hallet's note, dated the 1st day of July,
A. D. 1790, and caused his lands to be attached in the state
of New Hampshire, and in November A. D. 1790, recovered
judgment against the plaintiff for £176 York money, for
which he took execution, and had it satisfied by the plaintiff's
lands; and the defendant also purchased a note of Ephraim
Wheeler, against the plaintiff, for £30 14s., on which note he
caused the plaintiff's body to be attached, in said New Hamp-
shire on said 1st of July, and to be imprisoned, until he turned
out all his movable estate to pay the defendant's said debt at
his own price. Plaintiff's damage the sum of £200. The
defendant demurred to this declaration.

The exceptions taken were — 1st. Uncertainty whether the
promise was, never to sue said Hallet's note, or not to sue until
next winter. 2d. A promise never to sue would be unreason-
able. 3d. The consideration idle and insignificant, being only
to stop said attachments which might be renewed the next
moment. 4th. That the declaration contained a charge for
attaching him upon the Wheeler note, which was not within
the agreement.

Judgment — That the declaration is sufficient, it contains
substantially a good consideration; that is, forbearance and
stopping said suits by attachment: a clear and certain promise,

viz. that said Hallet's note should not be put in suit until the then next winter; and a breach by putting it in suit on the 1st of July after; all the rest being surplusage might better have been omitted, and may well be rejected.